UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY NIELSEN,<br><br>        Plaintiff,<br><br>    v.<br><br>JOSE LOPEZ, et al.,<br><br>        Defendant. | 1:14-cv-01608-MJS (PC)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2)**<br><br>**ORDER DENYING AS MOOT INJUNCTIVE RELIEF (ECF No. 6)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED PLEADING WITHIN THIRTY DAYS (ECF No. 1)** |

Plaintiff is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

This action was originally filed on September 8, 2014, in the District Court for the Eastern District of California – Sacramento Division, and transferred to the Eastern District of California – Fresno Division on October 15, 2014.

Plaintiff has before the Court (1) a Motion to Proceed In Forma Pauperis, (2) a

Motion for Temporary Restraining Order, and (3) the Complaint for screening.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Examination of Plaintiff's Motion to Proceed In Forma Pauperis reveals that he is unable to afford the costs of this action. Accordingly, the Motion is granted.

## II.  THE COMPLAINT

### A.  Screening Requirement

The in forma pauperis statutes provide that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S.Ct. 1937, 1949 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal–Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusion are not. *Iqbal*, 129 S.Ct. at 1949.

### B.  Pleading Standard

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949–50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility

standard. *Iqbal*, 129 S.Ct. at 1949–50.

### C.     Summary of Plaintiff's Allegations

The named Defendants are (1) Lopez, Coalinga State Hospital ("CSH") Psychiatric Technician, (2) Doe 1, CSH Psychiatric Technician, (3) Does 2-9, CSH Departmental Police Services Officers, (4) Doe 10, CSH Medical Services Director.

Plaintiff, a sixty-one year old dependent disabled adult detained at CSH, engaged in a "heated verbal argument" with a fellow patient. Staff sounded a "red light alarm" and Defendants responded. (ECF No. 1 at 3:1-5.)

Defendants Lopez and Doe 1, who have repeatedly used excessive force against elderly patients, pushed Plaintiff against the wall and then took him face first to the ground, injuring him.

Defendant Does 2-9 were present and failed to intervene.

Defendant Doe 10 was aware of abusive conduct by Lopez and Doe 1 and failed to stop it.

Plaintiff seeks monetary damages and declaratory relief.

### D.     Complaint Fails to State a Claim

The Fourteenth Amendment provides the standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility. *Rivera v. Rogers*, 224 Fed.Appx. 148, 150-51 (3d Cir. 2007); see *Youngberg v. Romeo*, 457 U.S. 307, 312 (1982). In determining whether the constitutional rights of an involuntarily committed individual have been violated, the court must balance the individual's liberty interests against the relevant state interests with deference shown to the judgment exercised by qualified professionals. *Youngberg*, 457 U.S. at 321-22.

#### 1.     Supervisor Liability

A § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934. There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been

3

suffered by the plaintiff. See *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Plaintiff maintains that Doe 10 did not respond to "a number of complaints and grievances over many months" that placed him on notice of "the abuse conduct" of Lopez and Doe 1. (ECF No. 1 at 3:21-24.) Plaintiff does not identify these complaints and grievance, when they were filed, by whom, the subject matter, why the Defendant was chargeable with knowledge of them, and why their administrative disposition did not resolve the problems raised. Nor does he explain how and why Doe 10 was in a position to prevent the instant incident.

Nothing before the court suggests Doe 10 participated in or directed or failed to respond to a known rights violation harming Plaintiff. *Redman v. County of San Diego*, 942 F.2d 1435, 1446–47 (9th Cir. 1991; see also *Starr v. Baca*, 652 F.2d 1202, 1206–07 (9th Cir. 2011) ("[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates.").

If Plaintiff chooses to amend, he should allege facts linking Doe 10 to a violation of his rights.

2.     Excessive Force

Claims for excessive force, when brought by a detainee who has been neither charged nor convicted of a crime, are analyzed under the Fourteenth Amendment reasonableness standard. *Gibson v. County of Washoe*, 290 F.3d 1175, 1185–86 (9th Cir. 2002); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

The Due Process Clause of the Fourteenth Amendment protects detainees from the use of excessive force. *Redman*, 942 F.2d at 1440, quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). In resolving a substantive due process claim, courts must balance "several factors focusing on the reasonableness of the officers' actions given the circumstances." *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990), quoting *Smith v. City of Fontana*, 818 F.2d 1411, 1417 (9th Cir. 1987), overruled on other grounds. In the

*White* case, the Ninth Circuit articulated four factors that courts should consider in resolving a due process claim alleging excessive force. The factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. *White*, 901 F.2d at 1507.

The Complaint does not include facts sufficient for the court to analyze the use of force under the *White* standard. Nothing informs as to: the events leading up to the "red light alarm"; the significance of the alarm to staff; why the alarm was sounded; who was present when the alarm sounded; how plaintiff and others responded to the alarm and the response of Lopez and Doe 1; the nature and extent of injuries suffered and treatment provided; and, what explanation, if any, was given in response to Plaintiff's grievance.

If Plaintiff chooses to amend, he should allege facts demonstrating an unreasonable application of force pursuant to the *White* standard. *Iqbal*, 556 U.S. at 678.

### 3. Failure to Protect

A civil detainee's right to constitutionally adequate conditions of confinement is enforced by balancing his liberty interests against the relevant state interests with deference shown to the judgment exercised by qualified professionals. *Youngberg*, 457 U.S. at 315, 321-22.

For the reasons stated, Plaintiff has not demonstrated Defendants Lopez and Doe 1 used unreasonable force causing anything more than minor injury. It follows that he has not demonstrated Does 2-9 were consciously indifferent to an application of unreasonable force. See *Ammons v. Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011) (the professional judgment standard equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence.").

Plaintiff does not state a claim under the Due Process Clause for failure to protect him from risk of harm. If Plaintiff chooses to amend, he should allege facts

5

demonstrating indifference to unreasonable force causing him more than minor harm. *Iqbal*, 556 U.S. at 678.

### 4. Fourteenth Amendment - Elder and Dependent Adult Abuse

An equal protection claim may be established by showing defendant intentionally discriminated against plaintiff based on membership in a protected class, *Serrano v. Francis,* 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles,* 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000); see also *Lazy Y Ranch Ltd. v. Behrens,* 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica,* 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff claims Defendants were motivated by his age and dependent status. However he provides no authority that either status is protected under the Fourteenth Amendment. See e.g., *Massachusetts Bd. Of Retirement v. Murgia*, 427 U.S. 307, 313–14 (1976) (a class defined as aged is not a protected class); *Sullivan v. Kramer*, 1:13cv00275 DLB PC, 2014 WL 1664983, at *6 (E.D. Cal. April 23, 2014), citing *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 446 (1985) (a person with a mental disability, whether perceived or actual, is not in a protected class under the Equal Protection Clause).

Plaintiff's allegations do not suggest Defendants, under the circumstances alleged, treated him differently from any patients identified as similarly situated. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). "Discriminatory purpose . . . implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) Here nothing suggests such a discriminatory mindset.

Plaintiff does not state an equal protection claim under the Due Process Clause. *Iqbal*, 556 U.S. at 678.

Plaintiff will be allowed an opportunity to amend this claim. In doing so, he should state facts demonstrating intentional discrimination under suspect class or disparate treatment theory.

### 5. State Law Claims

#### a. Battery

Under California law "[a] battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 242; 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988). A plaintiff claiming battery must show that (1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person; (2) the plaintiff did not consent to the contact; and (3) the contact caused injury, damage, loss, or harm to the plaintiff. *Tekle v. U.S.*, 511 F.3d 839, 855 (9th Cir. 2007).

The battery claim fails for the same reasons as the excessive force claim. There are no facts demonstrating unlawful (unreasonable) force, unconsented to by Plaintiff, causing more than minor harm.

Additionally, California public employees are not liable where the act or omission was the result of discretion vested in him or her. Cal. Gov't Code 820.2. The instant allegations do not include facts demonstrating that, in responding to the red light alarm, Lopez and Doe 1 acted other in the exercise of professional judgment and discretion vested in them as CSH Psychiatric Technicians.

#### b. Elder and Dependent Adult Abuse

California's Elder Abuse and Dependent Adult Civil Protection Act ("Act")[1] provides for liability for physical abuse or neglect where the defendant acted with recklessness, oppression, fraud or malice in the commission of the abuse. Cal. Welf. & Inst. Code § 15657.

Plaintiff claims he was abused by the battery Defendants inflicted. The battery claim fails for the reasons stated. Plaintiff's abuse claim necessarily fails because there

---

[1] Cal. Welf. & Inst.Code §§ 15600 et seq.

is no predicate battery. See Cal. Welf. & Inst. Code § 15610.07.

Even if Plaintiff had alleged an act of abuse, he has not demonstrated individual pro se standing to enforce the Act. See Cal. Welf. & Inst. Code §§ 15600(i)(j), 15656.

          c.      Negligence

In California "[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009), quoting *McGarry v. Sax*, 158 Cal.App.4th 983 (2008).

A public employee is generally liable for negligent acts and omissions, other than in the exercise of vested discretion, to the same extent as a private person. Cal. Gov't Code §§ 820, 820.2.

For the reasons stated above, Plaintiff has not shown Defendants failed to conform to an applicable standard of conduct relating to use of force, causing Plaintiff more than minor harm.

          d.      Supplemental Jurisdiction

Because Plaintiff has not alleged any cognizable federal claims, the Court will not exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *Les Shockley Racing v. National Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989).

Plaintiff may amend his state law claims consistent with the above standards. However, if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claims.

      6.      Declaratory Relief

In addition to damages, Plaintiff seeks declaratory relief, but because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. *Rhodes v.*

*Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005). Therefore, this action properly proceeds as one for damages only.

### III. MOTION FOR EMERGENCY INJUNCTIVE RELIEF[2]

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009), quoting Winter, 555 U.S. at 20).

Plaintiff seeks an emergency injunction preventing Defendant Lopez from physically abusing him. He believes Lopez, in retaliation for this lawsuit, had Plaintiff transferred to Lopez's assigned housing unit in order to physically abuse Plaintiff. He claims this transfer, coupled with Lopez's long history of physically abusing detainees, as evidenced by the declarations of various detainees attached to his motion, shows an imminent threat of serious harm.

#### A. No Case or Controversy

Plaintiff has not stated any cognizable claim in this action for the reasons stated above. His motion argues retaliation by Lopez, a claim not included in or supported by the Complaint. Federal courts are courts of limited jurisdiction, and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).

#### B. No Immediate Threat of Harm

Plaintiff's allegations do not include facts showing real and immediate threat of injury. See *City of Los Angeles*, 461 U.S. at 101–102 (plaintiff must show "real and

---

[2] The Court has considered Plaintiff's October 16, 2014 errata to the motion (ECF No. 7).

immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). Plaintiff's belief that Lopez intends him physical harm is supported only by conjecture. Alleged prior illegal conduct by Lopez against others is not a sufficient basis to show a real, immediate and ongoing threat of harm to Plaintiff. Nor is Plaintiff's transfer to Lopez's housing unit and the allegation Lopez "stared down" Plaintiff in the library. (ECF No. 6 at 4:13-18.)

### C.      Equities and Public Interest

Plaintiff argues the equities and public interest favor him because Lopez threatens civil rights violations.

Plaintiff does not show that he is likely to succeed on the merits since at this stage of the proceedings he has failed to state a cognizable claim. Absent a cognizable claim, there is nothing to tip the balance of equities in Plaintiff's favor.

While the public has an interest in providing detainees with constitutionally adequate care, the record before the Court does not justify the Court substituting its judgment regarding Plaintiff's housing placement for that of hospital staff.

## IV.     CONCLUSIONS AND ORDER

Plaintiff is entitled to proceed in forma pauperis in this action. His Motion for emergency injunctive relief is moot because there is no underlying case or controversy and the Motion in any event lacks merit. The Complaint fails to state any cognizable claim.

The Court will provide Plaintiff with an opportunity to file an amended complaint consistent with this Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of his constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further,

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Motion to Proceed In Forma Pauperis (ECF No. 2) is GRANTED,
2. Plaintiff's § 1983 Complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted,
3. Plaintiff's Motion for Emergency Injunctive Relief (ECF No. 6) is DENIED as moot, without prejudice,
4. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed September 8, 2014,
5. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and
6. If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend the action be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   October 26, 2014            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE