UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY NIELSEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOSE LOPEZ, et al.,<br><br>　　　　　Defendants | CASE NO. 1:14-cv-01608-AWI-MJS (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 9)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**I.　PROCEDURAL HISTORY**

Plaintiff is civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1 & 8.) Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

This action was originally filed on September 8, 2014, in the District Court for the Eastern District of California – Sacramento Division, and transferred to the Eastern District of California – Fresno Division on October 15, 2014.

On October 27, 2014, the Magistrate Judge dismissed Plaintiff's Complaint for

failure to state a claim and granted Plaintiff thirty days to file an amended complaint. (ECF No. 8.)

On December 11, 2014, Plaintiff declined consent to proceed before the Magistrate Judge. (ECF No. 11.)

Before the Court is Plaintiff's November 17, 2014 Motion for Reconsideration of the Magistrate Judge's October 27, 2014 Order dismissing Plaintiff's Complaint with leave to amend. (ECF No. 9.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (*quoting Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw,* 452 F.3d at 1103. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

### III. ANALYSIS

Plaintiff argues that because he is a civil detainee and not a prisoner, the Magistrate Judge incorrectly screened his Complaint pursuant to the Prison Litigation Reform Act. Plaintiff's complaint is subject to screening, and the Court may dismiss the action at any time for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Therefore, the Magistrate Judge properly exercised his authority in screening Plaintiff's Complaint and dismissing it for failure to state a claim.

Regardless, Plaintiff contends the Magistrate Judge misapplied the following legal standards in screening his claims:

Plaintiff disputes his need to demonstrate supervisory liability in the Complaint, and seeks to address the issue at the motion to dismiss or summary judgment phase of the case. As noted above, the Court has the authority to screen Plaintiff's Complaint and dismiss it for failure to state a claim against any Defendant, including on the basis that Plaintiff has not alleged facts sufficient to state a claim against a supervisor Defendant.

Plaintiff disputes the applicability of the factors in *White v. Roper*, 901 F.2d 1501 (9th Cir. 1990) to his claim of excessive force. Plaintiff does not present any legal authority to suggest that the application of *White* is in error.

Plaintiff contends that the Magistrate Judge misquoted the holdings of *Youngberg v. Romeo*, 457 U.S. 307, 312 (1982) and *Ammons v. Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011). The Court reviewed the Magistrate Judge's Order and Plaintiff's motion and finds that the authorities are accurately cited.

Plaintiff alleges that the Magistrate Judge incorrectly determined he was attempting to make an Equal Protection claim. If Plaintiff does not wish to proceed on such a claim, he need not include the claim in an amended complaint.

Lastly, Plaintiff disputes the Magistrate Judge's findings with respect to his state law claims. The Magistrate Judge accurately held that it could only exercise jurisdiction


over Plaintiff's state law claims if he stated a federal claim for relief and properly informed Plaintiff of the pleading requirements for his state law claims.

Plaintiff has not shown clear error or other meritorious grounds for relief from the Court's order of dismissal with leave to amend.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 9.) is DENIED;
2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed September 8, 2014;
3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and
4. If Plaintiff fails to file an amended complaint in compliance with this Order, the action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   April 15, 2015                                   /s/
                                        SENIOR   DISTRICT   JUDGE