UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY NIELSEN,<br><br>             Plaintiff,<br><br>      v.<br><br>JOSE LOPEZ, et al.,<br><br>             Defendants. | CASE NO. 1:14-cv-01608-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS: (1) FOR SERVICE OF COGNIZABLE CLAIM IN FIRST AMENDED COMPLAINT AGAINST DEFENDANT LOPEZ (ECF No. 27); (2) TO DISMISS ALL OTHER CLAIMS AND DEFENDANTS WITH PREJUDICE (ECF No. 27); AND (3) TO DENY AS MOOT PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL (ECF No. 16)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

   Plaintiff is civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1 & 8.)  The Court screened Plaintiff's complaint and dismissed it for failure to state a claim but gave leave to amend.  (ECF No. 8.)  Plaintiff's First Amended Complaint (ECF No. 27.) is now before the Court for screening.

On May 18, 2015, Plaintiff filed a motion for interlocutory appeal. (ECF No. 16.) The Court will also address this motion.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff is detained at Coalinga State Hospital ("CSH") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names Psychiatric Technician Jose Lopez as Defendant.

Plaintiff alleges essentially the following:

Plaintiff is a sixty-two-year-old dependent disabled adult. On September 2, 2013, Plaintiff had a "heated verbal argument" with a fellow patient. (ECF No. 27 at 3.) Staff sounded a "red light alarm." (ECF No. 27 at 3.) CSH police responded and contained the situation. Defendant also responded and without provocation pushed Plaintiff against the wall, injuring him. Defendant has previously used excessive force against elderly CSH patients.

Plaintiff seeks monetary damages and declaratory relief for Defendant Lopez's use of excessive force.

## IV.   ANALYSIS

### A.   Excessive Force

Plaintiff, a civil detainee pursuant to California Welfare and Institutions Code § 6600 *et seq.*, is not a prisoner within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000). He retains greater liberty protections than individuals detained under criminal process and is "'entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'" *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir.

2004) (*quoting Youngberg v. Romeo*, 457 U.S. 307, 322 (1982)).  Treatment is presumptively punitive when a civil "detainee is confined in conditions identical, similar to, or more restrictive" than his criminal counterparts.  *Id.* at 933.

A claim of excessive force by a detainee is analyzed under the objective reasonableness standard.  *See Gibson v. Cnty of Washoe*, 290 F.3d 1175, 1197 (9th Cir.2002) (*citing Graham v. Connor*, 490 U.S. 386, 397 (1989)); *see also Andrews v. Neer*, 253 F.3d 1052, 1060-61 (8th Cir. 2001) (*citing Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir.1989)) (applying objective reasonableness standard in context of civil detainees).  The inquiry is whether Defendant's actions were "objectively reasonable in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation.  *Graham*, 490 U.S. at 397 (quotations omitted).  The "nature and quality of the intrusion" must be balanced "against the countervailing governmental interests at stake." Id. at 396.  The Court may consider such factors as the severity of the incident giving rise to the use of force, whether Plaintiff posed an immediate threat to the safety of Defendant or others, and whether Plaintiff was actively attempting to avoid being subdued or brought under control.  *See Gibson*, 290 F.3d at 1197.

The First Amended Complaint is brief and does not provide a detailed description of the circumstances giving rise to the use of force. However, Plaintiff alleges that he had only a verbal argument with another patient, and "the situation was under complete control" when Defendant arrived.  (ECF No. 27 at 4.)  Nevertheless, according to Plaintiff, Defendant Lopez physically attacked and severely injured Plaintiff at a time when Plaintiff did not pose an immediate, or for that matter, any threat to anyone

Plaintiff's allegations taken as true, as they must be at this stage of the proceedings, adequately allege that Defendant Lopez's conduct was objectively unreasonable under the circumstances, and therefore state a cognizable excessive force claim against him.

### B. Declaratory Relief

In addition to damages, Plaintiff seeks a declaration that Defendant violated his constitutional rights. Plaintiff's claims for damages necessarily entail a determination of whether his rights were violated, and therefore, his separate request for declaratory relief is subsumed by those claims. *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005).

## V. MOTION FOR INTERLOCUTORY APPEAL

On May 18, 2015, Plaintiff filed a motion seeking permission to file an interlocutory appeal of this Court's order dismissing his complaint with leave to amend and denying as moot his requested injunctive relief (ECF No. 8.). (ECF No. 16.) The motion is addressed to the Ninth Circuit. On that same date, and without this Court ruling on his motion, Plaintiff filed his appeal with the Ninth Circuit. (ECF No. 18.) The Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (ECF No. 22.) Plaintiff then chose to file his First Amended Complaint. (ECF No. 27.) Accordingly, it is hereby recommended that Plaintiff's pending motion for interlocutory appeal be DENIED as moot.

## VI. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff proceed on his First Amended Complaint on the excessive force claim against Defendant Lopez;
2. All other claims asserted in the First Amended Complaint and all other named Defendants be dismissed with prejudice,
3. Service be initiated on the following Defendant:
   **Jose Lopez**, Psychiatric Technician at CSH
4. The Clerk of the Court should send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the First Amended Complaint filed August 17, 2015;

5. Within thirty (30) days from the date of adoption of these findings and recommendations, Plaintiff should complete and return to the Court the notice of submission of documents along with the following documents:

   a. Completed summons,

   b. One completed USM-285 form for each Defendant listed above,

   c. Two (2) copies of the endorsed First Amended Complaint filed August 17, 2015; and

6. Upon receipt of the above-described documents, the Court should direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. Plaintiff's motion for interlocutory appeal (ECF No. 16.) be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14)** days after being served with the findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   August 27, 2015              /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE