1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

LARRY NIELSEN,

          Plaintiff,

   v.

JOSE LOPEZ, et al.,

          Defendants.

CASE NO. 1: 14-cv-01608-AWI-MJS (PC)

ORDER DENYING PLAINTIFF'S MOTION TO AMEND

(ECF No. 29)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  (ECF Nos. 1 & 8.)

This matter proceeds on Plaintiff's First Amended Complaint.  (ECF No. 27.)  The Court screened Plaintiff's First Amended Complaint and found that it stated a cognizable excessive force claim against Defendant Lopez.  (ECF No. 28.)  The Court recommended that the non-cognizable claims be dismissed with prejudice, and, on October 7, 2015, the District Court adopted those findings and recommendations. (ECF Nos. 28 & 30.)

On October 2, 2015, Plaintiff filed an "Errata," seeking to correct errors in his First Amended Complaint.  (ECF No. 29.)  The Court construes Plaintiff's filing as a motion to amend his First Amended Complaint.

1

2

## II.    MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### A.    Legal Standard

The decision to grant or deny leave to amend pleadings is within the trial court's discretion.  *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).   A party seeking leave to amend must demonstrate that amendment is proper under Federal Rule of Civil Procedure 15.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 15(a)(2), the Court should freely give leave to amend a pleading "when justice so requires."   The Court should apply this policy "with extreme liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*quoting Morongo Band of Mission Indians v. Rose*, 893 F. 2d 1074, 1079 (9th Cir. 1990)).   "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, a district court may deny leave to amend "where there is 'any *apparent or declared* reason' for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment."  *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991) (*quoting Foman*, 371 U.S. at 182).  These factors are not to be given equal weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Prejudice to the opposing party must be given the greatest weight.  *Id.* "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Id.*

### B.    Plaintiff's Proposed Amendments

Plaintiff seeks to include the phrase "and then violently slammed plaintiff face-first down into the tiled concrete floor" at the end of the below paragraph:

> Nonetheless, at this point, defendant José Lopez, without forewarning or provocation, pushed plaintiff hard up against the Day Room wall where plaintiff was being contained.

(ECF No. 27 at 3-4.)  Plaintiff also wishes to correct the spelling of Defendant's name from Josê Lopez to José Lopez.

### C.  Analysis

Plaintiff's requested changes appear to be typographical errors and errors in transcription from his original complaint to his First Amended Complaint.  The modifications do not change the fact that Plaintiff has stated a cognizable excessive force claim against Defendant Lopez.  They simply allege Defendant used additional excessive force, causing additional injuries to Plaintiff.  These modifications neither add to nor detract from the substance of Plaintiff's First Amended Complaint. They raise facts which may be presented as evidence at the appropriate time even though not pled with the specificity Plaintiff desires now.

The diacritic error in the spelling of Defendant's name will not prevent service on Defendant nor the action from proceeding against him.

## III.  CONCLUSION AND ORDER

For the reasons stated, it is HEREBY ORDERED that:

Plaintiff's motion to amend is DENIED (ECF No. 29.).

IT IS SO ORDERED.


Dated:   October 9, 2015                    /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE