UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY NIELSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE LOPEZ, et al.,,<br><br>    Defendants. | No. 1: 14-cv-01608-DAD-MJS (PC)<br><br><br>ORDER<br><br>(ECF No. 33) |

Plaintiff has moved for reconsideration of the court's October 7, 2015 order adopting findings and recommendations recommending dismissal of certain claims and defendants and denial of plaintiff's motion for interlocutory appeal. For the reasons set forth below, the motion for reconsideration will be granted in part and denied in part.

I.     PROCEDURAL HISTORY

Plaintiff is civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1 & 8.) This action was originally filed on September 8, 2014, in the Sacramento Division of the U.S. District Court for the Eastern District of California and was transferred to the Fresno Division of the court on October 15, 2014. (ECF No. 4.) This matter proceeds on plaintiff's amended complaint. (ECF No. 27.) The assigned magistrate judge screened that complaint and found that it stated a cognizable excessive force claim against Defendant Lopez. (ECF No. 28.) The magistrate judge also recommended that: (1) plaintiff

1

proceed on the excessive force claim against Defendant Lopez; (2) all other claims asserted in the amended complaint and all other named defendants be dismissed; and (3) plaintiff's motion for interlocutory appeal be denied as moot. (Id.) On October 7, 2015, the then assigned district judge adopted those findings and recommendations. (ECF No. 30.)

Now before the Court is plaintiff's "request for correction of records; objection" (ECF No. 33), which will be construed as a motion for reconsideration.

II.     MOTION FOR RECONSIDERATION

A.     Legal Standard

Federal Rule of Civil Procedure 60(a) allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Federal Rule of Civil Procedure 60(b)(1) allows the Court to relieve a party from an order due to "mistake, inadvertence, surprise, or excusable neglect." In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (quoting *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

B.     Analysis

Here, plaintiff requests that the court's order adopting the magistrate judge's findings and recommendations recommending dismissal of his non-cognizable claims with prejudice and denial of his motion for interlocutory appeal as moot, be corrected to note that he is a civil detainee; not a prisoner. Federal Rule of Civil Procedure 60(a) allows the Court to correct a

clerical error in an order.  The characterization of plaintiff as a state prisoner in the court's order adopting the findings and recommendations in question had no bearing on the analysis of the claims presented by plaintiff in his amended complaint.  The assigned magistrate judge correctly noted and analyzed plaintiff's claims under the standards governing actions brought by civil detainees.  Nonetheless, the court will correct this arguable clerical error.

Plaintiff also objects to the dismissal of the John/Jane Doe defendants he identified in his amended complaint "because he did not have the opportunity to discover their true identities." (ECF No. 33 at 2.)  While Plaintiff lists John/Jane Does 1-10 in the caption of his amended complaint, he did not name them as defendants in the section provided to do so.  (ECF No. 27 at 1-2.)  Moreover, plaintiff is not allowed to proceed against the Doe defendants not because he did not identify them by name in his amended complaint, but because he failed to allege any facts linking any of the Doe defendants to an alleged violation of his constitutional rights.  *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (a plaintiff asserting a § 1983 claim must allege facts demonstrating that each named defendant personally participated in the deprivation of his rights). Plaintiff was advised in the assigned magistrate judge's original screening order (ECF No. 8.) that he was required to allege facts establishing an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered.  Plaintiff failed to do so in his amended complaint with respect to the Doe defendants.  (ECF No. 27.)  Plaintiff's motion for reconsideration in this regard will be denied.

/////
/////
/////
/////
/////
/////
/////
/////
/////

3

III.     CONCLUSION

For the reasons set forth above, it is HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 33.) is granted, in part, and denied, in part.  The order adopting (ECF No. 30.) is corrected to reflect that plaintiff is a civil detainee, not a state prisoner.  Plaintiff's motion to reconsider the dismissal of the Doe defendants is denied.

IT IS SO ORDERED.

Dated:     **January 5, 2016**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE