UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY NIELSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE LOPEZ,<br><br>    Defendant. | CASE NO. 1:14-cv-01608-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 56)**<br><br>**FOURTEEN-DAY DEADLINE** |

    Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Lopez on a Fourteenth Amendment excessive force claim.

    Pursuant to the April 11, 2016, Discovery Scheduling Order, the deadline for filing dispositive motions passed on February 21, 2017. (ECF No. 45.) When neither party moved for summary judgment, the Court issued a Trial Scheduling Order ("TSO") setting this case for a telephonic trial confirmation hearing for June 5, 2017, and a trial before

the Honorable Dale A. Drozd for August 1, 2017. (ECF No. 50.) Per the TSO, Plaintiff's pretrial statement was due on April 10, 2017, but he has not yet filed one. Defendant's pretrial statement is due on May 8, 2017.

Plaintiff has now filed a motion for summary judgment, which Defendant opposes as untimely. (ECF No. 56, 57-58.) In a "rebuttal" to Defendant's opposition, Plaintiff claims that he filed his motion after the dispositive motion deadline because Defendant failed to provide Plaintiff with his deposition transcript for review and purchase before the discovery deadline. Per Plaintiff, "Discovery does not close until the defendants provide plaintiff with a copy of his deposition transcript." Pl.'s Rebuttal at 2.

While there is no dispute that Plaintiff is entitled to view his deposition transcript, he must request the transcript before the deposition is completed pursuant to Federal Rule of Civil Procedure 30(e)(1). Alternatively, he may obtain a copy of the deposition from the stenographer. See Fed. R. Civ. P. 30(f)(3). Plaintiff does not claim that he was denied a copy of the deposition transcript after asking for it. Contrary to Plaintiff's suggestion, Defendant was not obligated to provide him a copy of the deposition transcript as a matter of course following the conclusion of the deposition. Moreover, there is no legal authority for the proposition that the discovery period closes once a plaintiff receives a deposition transcript. Since Plaintiff has not shown good cause for a modification to the scheduling orders, the undersigned will recommend that the motion be denied. See Fed. R. Civ. P. 16(b)(4).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall re-serve on Plaintiff the March 22, 2017, Trial Scheduling Order and Local Rule 281;
2. On or before May 17, 2017, Plaintiff shall file his pretrial statement and any motions related to the attendance of witnesses as outlined in the TSO;
3. On or before May 24, 2017, Defendant shall file his pretrial statement and any opposition to Plaintiff's motions for the attendance of witnesses; and

| | |
|---|---|
| 1 | IT IS HEREBY RECOMMENDED that Plaintiff's motion for summary judgment |
| 2 | (ECF No. 56) be DENIED as untimely. |

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 5, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE